UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| VIVIAN JANET BOWMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 19-209-DCR |
| ) | |
| v. ) | |
| ) | |
| VIRGIL ROWLETTE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Vivian Bowman is a resident of La Grange, Kentucky. Proceeding without an attorney, Bowman has filed a Complaint [Record No. 1] and motion for leave to proceed *in forma pauperis* [Record No. 3]. While the Court will grant Bowman's fee motion, her Complaint will be dismissed following initial screening.

History provides some context. Bowman has filed numerous *pro se* submissions with this Court. Several have been dismissed outright as lacking merit. *See, e.g., Bowman v. First Christian Church*, No. 5:17-cv-440-DCR (E.D. Ky. Nov. 9, 2017); *Bowman v. Wilson*, No. 5:17-cv-336-JMH (E.D. Ky. Aug. 16, 2017). And like Bowman's past submissions, her latest Complaint is rather difficult to follow.

Bowman starts by alleging that she recently worked as a substitute teacher for the Madison County Public Schools ("MCPS"). [Record No. 1 at 1] Bowman claims that the defendant, another MCPS employee who works as a hall monitor, sexually harassed her. She accuses the defendant of "unwelcome sexual advances," as well as "physical conduct of an offensive and inappropriate sexual nature." [*Id.*] Bowman then attaches to her

-1-

complaint e-mails and other correspondence she had with school officials in which she complained about the defendant. [Record Nos. 1-1, 1-3, 1-4, 1-5, and 1-6] That said, Bowman does not specifically indicate what statutory or other rights the defendant may have violated. Further, she also fails to clearly state what relief, if any, she is seeking, other than to say she wants to "expose [the defendant's] criminal conduct" and "want[s] his harassment to STOP." [Record No. 1 at 8]

The remainder of Bowman's Complaint consists of numerous unrelated, inflammatory, and borderline-unintelligible allegations against other people including, but not limited to, unidentified members of her former church. [Record No. 1 at 5-8] Bowman also claims that she "would go to Kroger or Walmart in Richmond and women would laugh loudly at [her]." [*Id.* at 6] Bowman then claims that, "[d]uring the day, while [she] was out of [her] apartment, some person or persons would go into [her] apartment and poison [her] drinks and food." [*Id.*] These are just some of the allegations Bowman makes. [*See id.* at 6-8]

Bowman moves for leave to proceed *in forma pauperis* but makes somewhat inconsistent representations regarding her finances. In fact, at one point, she suggests that she has more than enough money in a bank account to cover the full filing and administrative fees in this case. [*Id.* at 3] That said, Bowman separately claims, "[a]ll I have is my social security," and she says that she does not have any savings. [Record No. 1 at 8]. Despite these inconsistencies, the Court will grant Bowman's fee motion because it is otherwise clear that her monthly expenses far exceed her only source of income (social security). [Record No. 3 at 1-4]

Because the Court has granted Bowman pauper status, it must conduct a preliminary review of her Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* When testing the sufficiency of Bowman's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Having thoroughly reviewed the Complaint, the Court will dismiss Bowman's claims. Bowman does not specifically indicate what statutory or other rights the defendant may have violated. And even liberally construing the Complaint as asserting an employment discrimination/sexual harassment claim against the defendant pursuant to Title VII of the Civil Rights Act of 1964, the United States Court of Appeals for the Sixth Circuit has repeatedly made clear that an individual employee, who does not qualify as an employer, "'may not be held personally liable under Title VII.'" *Primm v. Dep't of Human Servs.*, No. 16-6837, 2017 WL 10646487, *4 (6th Cir. Aug. 17, 2017) (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). Thus, Bowman has failed to state a claim upon which relief can be granted under Title VII.[1]

---

[1] Bowman also suggests that, after she reported the defendant's conduct, other school employees retaliated. [Record No. 1 at 4] Specifically, she claims that, during the school day, an unidentified person entered her vehicle and intentionally broke her reading glasses. [*Id.*] Bowman also claims that another employee "looked directly at [her] with hate." [*Id.*] Nevertheless, she does not name any of these persons as defendants. In fact, Bowman repeatedly refers to only one individual (i.e., Virgil Rowlette) as a defendant in this action.

Bowman's Complaint could also be construed as asserting a state law tort claim against the defendant. In fact, Bowman repeatedly refers to this Court as the "Madison County Circuit Court," stating, among other things, that "[t]*his* Madison County Circuit Court must know what is going on here," and "I . . . want *this* Madison Circuit Court to know this history." [Record No. 1 at 2, 5, 7 (emphasis added)] These statements strongly suggest that Bowman actually intended to file her complaint in state court. But even if Bowman meant to file her Complaint with this Court, a common law tort claim is brought under Kentucky law and a federal district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all other claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has already dismissed the plaintiff's possible federal claim prior to service of process, it concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction over the potential state law tort claim. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that, "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

Finally, to the extent that Bowman's borderline-unintelligible statements toward the end of her Complaint represent an attempt to pursue other claims [Record No. 1 at 5-8], the Court will dismiss those claims without prejudice pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that a district court may, upon its own motion, dismiss a complaint for lack of subject matter jurisdiction when the complaint's allegations "are

Bowman's Complaint could also be construed as asserting a state law tort claim against the defendant. In fact, Bowman repeatedly refers to this Court as the "Madison County Circuit Court," stating, among other things, that "[t]*his* Madison County Circuit Court must know what is going on here," and "I . . . want *this* Madison Circuit Court to know this history." [Record No. 1 at 2, 5, 7 (emphasis added)] These statements strongly suggest that Bowman actually intended to file her complaint in state court. But even if Bowman meant to file her Complaint with this Court, a common law tort claim is brought under Kentucky law and a federal district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all other claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has already dismissed the plaintiff's possible federal claim prior to service of process, it concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction over the potential state law tort claim. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that, "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

Finally, to the extent that Bowman's borderline-unintelligible statements toward the end of her Complaint represent an attempt to pursue other claims [Record No. 1 at 5-8], the Court will dismiss those claims without prejudice pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that a district court may, upon its own motion, dismiss a complaint for lack of subject matter jurisdiction when the complaint's allegations "are

totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Accordingly, it is hereby **ORDERED** as follows:

1. Bowman's motion for leave to proceed *in forma pauperis* [Record No. 3] is **GRANTED**, and payment of the filing and administrative fees is **WAIVED**.

2. Any claim asserted pursuant to Title VII of the Civil Rights Act of 1964 is **DISMISSED** with prejudice.

3. All other claims asserted in this action, including any state law claims, are **DISMISSED** without prejudice.

4. This matter is **STRICKEN** from the Court's docket.

Dated: May 14, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge